# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-188-JED-FHM |
| v. | ) | |
| | ) | |
| JESSE BROWNFIELD, individually and d/b/a | ) | |
| Nara Cafe; OBIDH MSRIEH, individually | ) | |
| and d/b/a Nara Cafe; CHIAKI MIURA, | ) | |
| individually and d/b/a Nara Cafe, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support ("Motion") (Doc. 15, 16). For the reasons discussed herein, the Court finds that the Motion should be granted, as set forth below.

## I.      Background

Plaintiff alleges that defendants unlawfully intercepted and exhibited *"The Fight of the Century": Floyd Mayweather, Jr. v. Manny Pacquiao WBC World Welterweight Championship Fight Program* ("the Program") on May 2, 2015. (Doc. 2, 16). Plaintiff had exclusive nationwide commercial distribution rights to the Program. The interstate transmission of the Program was encrypted and available only to commercial establishments that entered into a sub-licensing agreement with the plaintiff. Three separate investigators hired by plaintiff observed the Program being shown at the defendants' establishment, Nara Cafe, even though the defendants had not obtained a license for the program from the plaintiff. (Doc. 16-1 at 3, 16-2). The first investigator to arrive at the establishment, Nathan Alessi, observed two televisions and took three head counts of 32, 33, and 40 patrons. (Doc. 16-2 at 7). The second investigator, Aaron Latham, observed four

television screens displaying the Program and described the establishment as having "standing room only" and "more occupants than I could count." (Doc. 16-2 at 1). Investigator Nicolin Decker, who arrived at Nara Cafe at 10:21 p.m., observed two televisions and took three head counts of 85, 90, and 92 patrons within the establishment. (Doc. 16-2 at 4). All three investigators reported having paid a cover charge of either $10 or $15. (Doc. 16-2). The sub-licensing fee for an establishment the size of Nara Cafe would have been $3,000. (Doc. 16-1 at 3, 10).

Plaintiff alleges that the defendants' actions were in violation of 47 U.S.C. § 605, and plaintiff has presented evidence that the illegal interception of the program is not and cannot be mistakenly, innocently, or accidentally intercepted. (*See* Doc. 16-1 at 3-4, ¶ 9).

Defendants were served by means of publication, as authorized by this Court (Doc. 11), but they did not appear or file answers. On August 3, 2017, the Court Clerk entered a default against defendants. (Doc. 14). Plaintiff now moves for default judgment and requests $110,000 against defendants, plus $1,740.00 in attorneys' fees and $761.95 for costs incurred.

## II.    Damages

Plaintiff seeks maximum statutory damages against defendants under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . . " Plaintiff also seeks maximum enhanced damages against the defendants pursuant to the statute, which in part provides:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation.

47 U.S.C. § 605(e)(3)(C)(ii). In sum, plaintiff requests $110,000 in damages against the defendants.

The undersigned has typically declined to award the maximum damages in similar cases. *See, e.g., J & J Sports Prods., Inc. v. Bautista*, No. 13-CV-719-JED-FHM, 2015 U.S. Dist. LEXIS 19745 (N.D. Okla. Feb. 19, 2015); *J & J Sports Prods., Inc. v. Cordoba*, No. 16-CV-184-JED-FHM, 2016 WL 6238583 (N.D. Okla. Oct. 25, 2016); *J & J Sports Prods., Inc. v. Martinez*, No. 16-CV-573-JED-PJC, 2017 WL 374472 (N.D. Okla. Jan. 25, 2017); and *J & J Sports Prods., Inc. v. Miranda*, No. 16-CV-188-JED-TLW, 2017 WL 1987246 (N.D. Okla. May 12, 2017). All of those cases cited *Joe Hand Promotions, Inc. v. John M. McLemore*, No. 10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011), in which eighty-four people were counted at the establishment at the time of the broadcast; no cover fee was charged; and the event was broadcast on three television screens. *See Miranda*, 2017 WL 1987246 at *2. United States District Judge Claire V. Eagan declined to award the requested maximum statutory and enhanced damages and instead awarded the plaintiff $2,500 in statutory damages and $2,500 in enhanced damages. That amount, the *McLemore* court reasoned, was sufficient both to "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "punish defendants for the illegal conduct and deter future violations." *Id.*

Of these most recent cases decided by the undersigned, *Bautista* is the most similar to the case at hand insofar as there were multiple television screens and more than 75 patrons present. *Perez*, 2015 U.S. Dist. LEXIS 19745 at *8. Notably, no cover fees were charged in *Bautista*, whereas defendants in this case charged $10 or $15 for entry. Having compared the uncontested facts presented in this case to *Bautista* and other similar cases, the Court finds and concludes that an award of $7,500.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $10,000.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the

plaintiff for any fee that should have been paid by the defendants and will sufficiently deter future similar violations.

### III.    Full Costs

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 16-3, 16-4) and finds that an award of $1,740.00 for attorneys' fees and $761.95 for costs is reasonable and appropriate in light of the work expended as indicated by the filings of record.

### IV.    Conclusion

Plaintiff's Motion for Default Judgment (Doc. 15) is **granted**. The Court finds that an award of $7,500.00 in statutory damages and $10,000.00 in enhanced damages, for a total of $17,500.00 in damages, along with $1,740.00 in attorneys' fees and $761.95 in costs, is appropriate under the applicable statutes and circumstances. A Judgment will be entered consistent with this Opinion and Order.

ORDERED this 1st day of September, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE